IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE NOZISKA, TERRY NOZISKA, NOZISKA APPRAISAL SERVICE,<br><br>    Plaintiffs,<br><br>    v.<br><br>PLACER SIERRA BANK, FEDERAL RESERVE BANK OF SAN FRANCISCO, CITADEL COMMERCE CORP., DOES 1 to 20,<br><br>    Defendants. | 2:10-cv-00024-GEB-JFM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS* |

On January 5, 2010, the Federal Reserve Bank of San Francisco (the "Federal Reserve") filed a motion under Federal Rule of Civil Procedure 12(b)(6), in which it seeks to be dismissed from this action. (Docket No. 4.) Prior to the date on which an opposition was due, Plaintiff Joanne Noziska filed a "Motion to Relieve Counsel," in which she states "I am requesting a substitution of attorney in this case . . . [and] I am also asking [to] extend time in this case as this . . . would give me more time to obtain new counsel." (Docket No. 5.) Plaintiff's request is construed as including a request for a continuance of the Federal Reserve's dismissal motion. However, for the reasons stated below, Plaintiff's request for a continuance is denied and the Federal Reserve's dismissal motion is granted.

---

    * This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I. BACKGROUND

On or about April 20, 2009, Plaintiffs filed a complaint in the California Superior Court located in the County of Nevada. Plaintiffs complaint is against Placer Sierra Bank, the Federal Reserve, Citadel Commerce Corporation ("Citadel Commerce") and twenty "Does". Plaintiffs allege in their complaint state law claims for breach of contract, credit card theft and fraud. Plaintiffs' claims relate to alleged unauthorized withdrawals from their Placer Sierra Bank accounts. Specifically, Plaintiffs allege that $117,148.63 was improperly withdrawn from their personal and business bank accounts at Placer Sierra Bank and paid to Citadel Commerce. Plaintiffs further allege Citadel Commerce committed fraud by falsely representing that Plaintiffs had authorized Citadel Commerce to withdraw funds from Plaintiffs' Placer Sierra Bank accounts for on-line gambling.

The Federal Reserve removed this case to federal court under 12 U.S.C. § 632. Shortly after removal, the Federal Reserve filed its now pending dismissal motion. Plaintiffs have not filed an opposition to this dismissal motion.

## II. Legal Standard

Granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To avoid dismissal, a plaintiff must allege only "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 (2007). For purposes of a Rule 12(b)(6) motion, "all material allegations of the

complaint are accepted as true, as well as all reasonable inferences to be drawn from them." Navarro, 250 F.3d at 732.

### III. DISCUSSION

#### A. Removal

A defendant may remove to federal court "any civil action brought in a State court of which the district courts . . . have original jurisdiction . . . ." 28 U.S.C. § 1441(a). The Federal Reserve argues that removal was proper under 12 U.S.C. § 632 ("Section 632"). Section 632 provides, in pertinent part:

> Notwithstanding any other provision of law, all suits of a civil nature at common law or in equity to which *any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits*; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district . . . . 

12 U.S.C. § 632 (emphasis added). Since Plaintiffs have named the Federal Reserve as a party and it is before trial, removal of this action was proper. Id. See also Suburban Nat. Bank of Palatine v. Fed. Reserve Bank of Chicago, 727 F. Supp. 402, 402 (N.D. Ill. 1989) (stating that Section 632 "confers federal question jurisdiction over civil suits in which a Federal Reserve Bank is a party").

#### B. The Federal Reserve's Dismissal Motion

The Federal Reserve argues it should be dismissed from this case since "[n]owhere in the body of Plaintiffs' Complaint is [the Federal Reserve] . . . mentioned" and "[t]here are not facts . . . suggest[ing] that [the Federal Reserve] had any role . . . whatsoever in the purported electronic transfer of funds from Plaintiffs'

3

accounts. In other words, there are no allegations that [the Federal Reserve] caused any harm to Plaintiffs."

Plaintiffs' complaint is void of any factual allegations against the Federal Reserve. Since no claim is stated against the Federal Reserve, a continuance would have no affect on the disposition of the Federal Reserve's dismissal motion. Therefore, Plaintiff's request for a continuance is denied and the Federal Reserve's dismissal motion is granted. The Federal Reserve is, accordingly, dismissed from this case.

**C. Supplemental Jurisdiction Over Plaintiffs' State Law Claims**

Since the Federal Reserve has been dismissed, the basis for the Court's original jurisdiction is extinguished and only Plaintiffs' state law claims remain. Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ." "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). "Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor continued exercise of supplemental jurisdiction over [Plaintiffs'] state claims . . . ." Anderson v. Countrywide Financial, No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated

before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims (quotations and citations omitted)). Therefore, Plaintiffs' remaining state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Under 28 U.S.C. § 1367(d), the statute of limitations for any claim dismissed under § 1367(c)(3) "shall be tolled . . . for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Plaintiffs, therefore, will not be prejudiced by the dismissal of their state law claims if they timely re-file their state claims in the appropriate state court.

### IV. CONCLUSION

For the stated reasons, Plaintiff Joanne Noziska's request for a continuance is denied and the Federal Reserve's dismissal motion is granted; the Federal Reserve is dismissed from this case. Further, the Court declines to exercise jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(c)(3), and these claims are dismissed without prejudice. The Clerk of the Court shall include Joanne Noziska in the service of this order by serving her at the following address: 17316 Ruth Court, Grass Valley, California, 95949. This case shall be closed.

Dated: February 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge